# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | CASE NO. 19cr868 WQH |
| Plaintiff, | ORDER |
| v. | |
| XAVIER BARRAZA, | |
| Defendant. | |

HAYES, Judge:

The matter before the Court is the motion to revoke detention order filed by Defendant. (ECF No. 17).

**FACTUAL BACKGROUND**

On February 13, 2019, Defendant was arrested pursuant to a complaint charging felon in possession of ammunition in violation of 18 U.S.C. § 922(g)(1) and possession of methamphetamine with intent to distribute in violation of 21 U.S.C. § 841(a)(1).

On February 14, 2019 and February 21, 2019, Defendant appeared before the Magistrate Judge for a detention hearing. The Magistrate Judge granted the oral motion to detain by the Plaintiff United States.

On February 27, 2019, the Magistrate Judge entered an order of detention finding that the Government met its burden to demonstrate by clear and convincing evidence that Defendant is a danger to the community. The Magistrate Judge found that the rebuttable presumption pursuant to 18 U.S.C. § 3142(e)(3)(A) applied and that the nature and circumstances of the offense favored detention. The Magistrate Judge

concluded that Defendant's criminal history, his previous probations revocations and failures to appear, his current probationary status, and the weight of the evidence supported detention.

On March 12, 2019, the Plaintiff United States filed a two count indictment charging in Count 1 felon in possession of ammunition in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2), and in Count 2 possession of methamphetamine with intent to distribute in violation of 21 U.S.C. § 841(a)(1).

On April 12, 2019, Defendant moved this Court to review the detention order filed by the Magistrate Judge. Defendant asserts that conditions may be imposed that will protect the community from any perceived threat and assure his future appearance. Defendant contends that the imposition of house arrest and GPS tracking, coupled with drug-testing, will alleviate the concerns from the nature and circumstances of the alleged offenses. Defendant asserts that these conditions will ensure no contact with firearms, ammunition, or narcotics. Defendant asserts that his family and community ties support his release.

The Government opposes release on the grounds that the nature and circumstances of the offense, the history and characteristics of the Defendant, and the weight of the evidence establish by clear and convincing evidence that no condition or combination of conditions will reasonably assure the safety of the community. The Government asserts that the ammunition and the narcotics underlying the charges in this case combined with the Defendant's criminal history support the determination that the Defendant presents a danger to the community and a flight risk.

On April 25, 2019, this Court held a hearing to review the detention order.

## RULING OF THE COURT

The Bail Reform Act of 1984 permits pretrial detention of a defendant only where it is demonstrated either that there is a risk of flight or no assurance that release is consistent with the safety of another person or community. 18 U.S.C. § 3142 *et seq*. 18 U.S.C. § 3142(e)(3)(A) provides a presumption "subject to rebuttal by the person" that

"no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of the community" for "an offense for which a maximum term of imprisonment of ten years or more is prescribed in the Controlled Substances Act." 18 U.S.C. § 3142(e)(3)(A). The burden of persuasion remains upon the government at all time to prove by clear and convincing evidence that no condition or combination of conditions will reasonably assure the safety of the community. *See United States v. Hir*, 516 F.3d1081,1086 (9th Cir. 2008). The Court takes into account all available information concerning the factors set forth in § 3142(g) in determining whether there are conditions of release that will reasonable ensure the safety of the community, including the nature and circumstances of the offense charged, the weight of the evidence, the history and characteristics of the Defendant, and the nature and seriousness of the danger to any person or the community that would be posed by the defendant's release. 18 U.S.C. § 3142(g). The weight of the evidence is the least important of the various factors, but it is a factor to be considered under §3142(g)(2). *See United States v. Honeyman,* 470 F.2d 473, 474 (9th Cir. 1972).

This Court reviews the evidence "de novo" and makes its own determination whether to modify the detention order. *United States v. Keonig*, 912 F.2d 1190, 1192-93 (9th Cir.1990).

In this case, there is probable cause to believe defendant has committed "an offense for which a maximum term of imprisonment of ten years or more is prescribed in the Controlled Substances Act" and a rebuttable presumption that "no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of the community." 18 U.S.C. § 3142(e)(3)(A). "Although the presumption shifts a burden of production to the defendant, the burden of persuasion remains with the government." *U.S. v. Hir*, 516 U.S. at 1086.

The Court has reviewed the evidence de novo including the filings of the parties, and the transcript of the proceeding in front of the Magistrate Judge. The charges in this case involve possession of ammunition by a felon and possession of methamphetamine

1 | in a distribution amount.  Defendant was arrested after a search of his vehicle revealed methamphetamine and evidence of narcotics use and sales, gun parts, and a mold for pistol lower receivers.  A subsequent search of his residence uncovered a gun safe in the laundry room containing numerous weapons and ammunition.  Other parts of the residence contained numerous rounds of ammunition and drug paraphernalia.  The charges are serious involving controlled substances and access to weapons by a prohibited person.  While the factor with the least weight, the weight of the evidence in this case is strong. Defendant has a significant criminal history including assault with a deadly weapon in 2005 and drug offenses.  Defendant was on probation during the alleged offenses in this case.

The Court concludes that the ammunition and narcotics leading to the charges combined with Defendant's criminal history establish by clear and convincing evidence that no combination of conditions will reasonably assure the safety of the community. The evidence in the case of current drug use and access to weapons poses a significant danger to the community.  The Court further finds that the danger to the community is not outweighed by Defendant's family ties and past work history.

IT IS HEREBY ORDERED that the motion for review of the detention order (ECF No. 17) is granted; the Court adopts the detention order entered by the Magistrate Judge (ECF No. 11).  Based upon the record, Defendant is ordered detained.

DATED: May 7, 2019

**WILLIAM Q. HAYES**
United States District Judge